UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    CV-10-3089 (ENV)(VVP)

GARY LIANG,

          Plaintiff,    **VERIFIED**
                **AMENDED**
                **COMPLAINT**

   -against-


THE CITY OF NEW YORK; RAYMOND
KELLY, Commissioner of the New York City   **JURY TRIAL**
Police Department; BRIAN J. MAGUIRE, Deputy Inspector  **DEMANDED**
of NYPD 109th Precinct; NEW YORK CITY POLICE
DEPARTMENT; DETECTIVE ROBERT ZEE, individually
and in his official capacity as a detective in the New
York City Police Department; DETECTIVE
ALBERT HAWKINS, individually and in his official capacity
as a detective in the New York City Police Department;
DETECTIVE SHIM, individually and in his official
capacity as a detective in the New York City Police Department;
OFFICER; DETECTIVE CHRISTOPHER VAUGHN,
individually and in his official capacity as a
detective in the New York City Police Department;
DETECTIVE SCALI, individually and in his official
capacity as a detective in the New York City Police Department;
OFFICER; LIEUTENANT CONFORTI, individually and in his
official capacity as a lieutenant in the New York City
Police Department; SERGEANT MICHETTI, individually
and in his official capacity as a sergeant in the
New York City Police Department; SERGEANT NATOLI,
individually and in his official capacity as a sergeant in the
New York City Police Department; "JOHN DOE,"
individually and in his official capacity as a New York City
Police Officer; "JOHN DOE" being a fictitious name, the
true name is not known at this time; "JANE DOE,"
individually and in her official capacity as a New
York City Police Officer; "JANE DOE" being a
fictitious name, the true name is not known at this time;
XIN XU; BEI WANG; DA PENG SONG;
IVAN QUEK, aka IVAN SUN; and YI JING TAN, aka "KERRY",

           Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action to vindicate the rights of law-abiding New York City residents to

be free from violations of constitutional rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§ 1983, and of rights secured by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to

the United States Constitution, and for rights secured under the laws and Constitution of the State

of New York.

2.    Since July 2007, plaintiff, a law-abiding businessman well-known to the local community,

has had his constitutional rights violated by various detectives, officers, and agents of the New

York City Police Department ("NYPD"), in exchange for benefits from defendant YI JING TAN,

plaintiff's former girlfriend and her agents.

## JURISDICTION AND VENUE

3.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and 28

U.S.C. § 1343(3) and (4) (civil rights jurisdiction).

4.    Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. § 2201 and

2202 and Rule 57 of the Federal Rules of Civil Procedure.  Plaintiff further invokes this Court's

pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as

against all parties that are so related to claims in this action within the original jurisdiction of this

Court that they form part of the same case or controversy.

5.    Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

6.    Venue is proper for the United States District Court for the Eastern District of New York

pursuant to 29 U.S.C. § 621 et. Seq., and 28 U.S.C. §1391 (a), (b) and (c) because a substantial

part of the acts or omissions giving rise to the claims herein occurred in the County of Queens, State of New York.

## PARTIES

7.   Plaintiff, GARY LIANG, was and is at all times relevant herein residing in the City of Flushing, County of Queens, and State of New York.

8.   Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York.

9.   Defendant, RAYMOND KELLY, is the Commissioner of the New York City Police Department, which is an agency of the City of New York.  He is sued in his official capacity.

10.   Defendant, BRIAN J. MAGUIRE is the deputy inspector of the NYPD 109th Precinct, employed by the City of New York.  He is sued in his official capacity.

11.   Defendant NEW YORK CITY POLICE DEPARTMENT is an agency under the City of New York.

12.   Defendant, DETECTIVE ROBERT ZEE, is a detective employed by the NYPD who falsely arrested plaintiff.  He is sued in his official and personal capacities.

13.   Defendant, DETECTIVE ALBERT HAWKINS, is a detective employed by the NYPD who falsely arrested plaintiff.  He is sued in his official and personal capacities.

14.   Defendant, DETECTIVE SHIM, is a detective employed by the NYPD who falsely arrested plaintiff.  He is sued in his official and personal capacities.

15.   Defendant, DETECTIVE VAUGHN, is a detective employed by the NYPD who falsely arrested plaintiff.  He is sued in his official and personal capacities.

16.  Defendant, DETECTIVE SCALI, is a detective employed by the NYPD who conspired with the other defendants to victimize the plaintiff and take his business away from him. He is sued in his official and personal capacities.

17.  Defendant, LIEUTENANT CONFORTI, is a lieutenant employed by the NYPD who conspired with the other defendants to victimize the plaintiff and take his business away from him.  He is sued in his official and personal capacities.

18.  Defendant, SERGEANT MICHETTI, is a sergeant employed by the NYPD who conspired with the other defendants to victimize the plaintiff and take his business away from him.  He is sued in his official and personal capacities.

19.  Defendant, SERGEANT NATOLI, is a sergeant employed by the NYPD who conspired with the other defendants to victimize the plaintiff and take his business away from him.  He is sued in his official and personal capacities.

20.  Defendant, OFFICER "JOHN DOE," being a fictitious name, the true name not known at this time is a police officer employed by the NYPD who falsely arrested plaintiff, and conspired with the other defendants to victimize the plaintiff and take his business away from him.  He is sued in his official and personal capacities.

21.  Defendant, OFFICER "JANE DOE," being a fictitious name, the true name not known at this time is a police officer employed by the NYPD who falsely arrested plaintiff, and conspired with the other defendants to victimize the plaintiff and take his business away from him.  She is sued in her official and personal capacities.

22.  Defendant, XIN XU, was and is at all times relevant herein residing in the County of Queens, and State of New York, was and is an individual residing in the County of Queens, State

of New York, and it is alleged herein that he conspired with the other defendants to victimize the plaintiff and take his business away from him.

23.  Defendant, BEI WANG, was and is at all times relevant herein residing in the County of Queens, and State of New York, was and is an individual residing in the County of Queens, State of New York, and it is alleged herein that he conspired with the other defendants to victimize the plaintiff and take his business away from him.

24.  Defendant, DA PENG SONG, aka. "Sam," was and is at all times relevant herein residing in the County of Queens, and State of New York, was and is an individual residing in the County of Queens, State of New York, and it is alleged herein that he conspired with the other defendants to victimize the plaintiff and take his business away from him.

25.  Defendant, IVAN QUEK, aka IVAN SUN (hereinafter "QUEK") was and is at all times relevant herein residing in the County of Queens, and State of New York, was and is an individual residing in the County of Queens, State of New York, and it is alleged herein that he conspired with the other defendants to victimize the plaintiff and take his business away from him.

26.  Defendant, YI JING TAN, aka, "KERRY," was and is at all times relevant herein residing in the County of Queens, and State of New York, was and is an individual residing in the County of Queens, State of New York, and it is alleged herein that she bribed NYPD defendants and conspired with the other defendants to victimize the plaintiff and take his business away from him.

## FACTS

27.  Plaintiff and Defendant Tan were in an intimate relationship in that they were boyfriend and girlfriend from 1999 to 2007.

28.  Plaintiff and Defendant Tan ran several businesses together, including EW Studio Inc., Open Lifetime Technology, NagySas, and China American Wireless Group.

29.  Plaintiff had valid contracts between EW Studio Inc. and the landlord of 41-40 Kissena Boulevard, Flushing, NY and with an AT&T Franchise Dealership.

30.  Plaintiff had a valid contract between Lifetime Technology and TMobile.

31.  On or about June 19, 2007, Plaintiff, Plaintiff's mother, and Defendant Tan all went to the office of attorney Allen Chiu to commence a real estate transaction for transfer of a condo from Defendant Tan to Plaintiff's mother.

32.  On or about June 27, 2007, Plaintiff went to China.

33.  Around late June or early July 2007, Defendant Zee issued a Complaint against Plaintiff based on statements made by Defendant Tan.

34.  Defendant Zee did not conduct an investigation to determine if any of the complaints made by Defendant Tan were substantiated.

35.  On or about July 8, 2007, Plaintiff flew into John F. Kennedy International Airport (JFK) on the way back from a business trip in China.

36.  While he was passing through customs, Plaintiff was escorted to a private examination/interview room.

37.  As Plaintiff was being escorted by the customs agent, he saw five (5) individuals dressed in plain clothing.  Among the individuals were Defendant Zee and Defendant Shim.

38.  Upon entering the private room, Plaintiff was asked for his name and date of birth.

39.  Immediately following his reply, the customs officer handed Plaintiff's passport to Defendant Zee.

40.  Defendant Zee asked Plaintiff if he had checked any baggage, to which Plaintiff replied that he had.

41.  Subsequent to claiming his luggage, the customs officers searched the contents of Plaintiff's bag.

42.  Plaintiff was then arrested.

43.  Defendants did not obtain a warrant before arresting Plaintiff.

44.  Plaintiff did not know the reason he was being arrested.

45.  Defendant Zee seized Plaintiff's passport and laptop, asserting that the laptop did not belong to Plaintiff but belonged to Defendant Tan.

46.  None of the officers documented the items seized from Plaintiff, nor did Plaintiff receive a property voucher to claim his belongings.

47.  While being transported from JFK to 109th Precinct, Plaintiff requested that he be permitted to contact his attorney.

48.  However, the Defendants ignored Plaintiff's request.

49.  While waiting to be transferred to central booking, Defendant Tan was also in 109th Precinct.

50.  Defendant Tan was granted permission to search through Plaintiff's belongings and took possession of some of his items and documents, such as the keys to Plaintiff's apartment, keys to Plaintiff's vehicle, Plaintiff's vehicle registration, and Plaintiff's ATM card.

51.  Plaintiff's passport was only returned to Plaintiff the following day after Michael Liu, a friend of Plaintiff's friend who formerly worked at 109th Precinct, made calls which caused Defendant Zee to return the passport to Plaintiff.

52.   On or about July 9, 2007, Defendant Zee and/or someone affiliated with Defendant Zee, on behalf or at the behest of Defendant Tan, went to Allen Chiu's office to threaten attorney Chiu not to proceed with closing on the real estate transaction.

53.   On or about April 8, 2008, the case, Docket No. 2007QN037626, was dismissed due to Speedy Trial provisions, based on CPL 30.30.

54.   An Order of Protection was issued against Plaintiff by Defendant Tan, which precluded Plaintiff from going within 100 yards of Defendant Tan but permitted incidental contact at 41-40 Kissena Boulevard, Flushing, NY and at 41-40 Union St..

55.   On or about July 13, 2007, Defendant Zee activated a demo line phone, which allows the user to make free calls to any number and is supposed to be reserved to either mobile carrier employees or affiliates.  Demo line phone number is: (917) 207-5809.  The billing address is Defendant Zee's home address in Long Island.

56.   On or about November 10, 2007, Defendant Hawkins activated a wireless account with EW Studio Inc., one of Plaintiff's businesses.

57.   On or about February 28, 2008, Plaintiff went to 41-40 Kissena Boulevard with three (3) friends because he heard that Defendant Tan had started her own company and had attempted to have the landlord assign the lease to this new company.

58.   Defendant Quek told Plaintiff to get out of the store.

59.   Plaintiff called the police to report that there were unauthorized employees in his store.

60.   Two (2) uniformed police officers responded to the scene.

61.   Shortly thereafter, Defendant Zee, Defendant Shim, and Defendant Hawkins arrived at the store in plain clothing.

62.   Defendants told the two uniformed officers to step aside.

63.  Defendant Shim stated that the store was not Plaintiff's place of business because a customer's invoice did not have his company's name, but the new company name of Sagar Wireless, Inc.

64.  However, the body of the receipt refers several times to "EW Studio Inc."

65.  Plaintiff showed Defendant Shim the two (2) Department of Consumer Affairs licenses hanging on the wall that displayed the name of Plaintiff's companies.

66.  Plaintiff showed Defendant Shim certificates of incorporation and stock certificates.

67.  Defendant Shim ignored the legal documents.

68.  During this incident, one of Plaintiff's friends was holding Plaintiff's bag.

69.  Defendant Zee took the bag and went through its contents, despite Plaintiff informing him that he did not consent to having his property searched.

70.  Defendant Zee instructed two (2) uniformed officers to arrest Plaintiff and one of his friends.

71.  The complaint was written by Defendant Hawkins, and was assigned Docket No. 2008QN011519.

72.  Defendant Shim took Plaintiff's fingerprints.

73.  The affidavit of Defendant Tan, signed on March 12, 2008, falsely states that Plaintiff is not an employee of the business at 41-40 Kissena Boulevard.

74.  The affidavit of Defendant Tan, signed on March 12, 2008, falsely states that Plaintiff does not have permission or authority to enter or remain in 41-40 Kissena Boulevard.

75.  However, the Order of Protection explicitly states that Plaintiff can have incidental contact at the business.

76. On or about March 12, 2008, Defendant Da Peng Song signed a supporting deposition, which stated that he read the accusatory instrument and that the facts stated to be furnished by him were true.

77. On or about March 12, 2008, Defendant Bei Wang, signed a supporting deposition, which stated that she read the accusatory instrument and that the facts stated to be furnished by her were true.

78. Further, Defendant Tan was not even at 41-40 Kissena Boulevard when the alleged incident occurred.

79. As a result of the arrest, Defendant Bei Wong and Defendant Da Peng Song, received orders of protection against Plaintiff on or about February 29, 2008.

80. On or about July 15, 2009, the case was dismissed due to Speedy Trial provisions.

81. On or about March 22, 2008, Defendant Vaughn made a complaint, Docket No. 2008QN033360, inside of 41-40 Union Street, Flushing, NY.

82. On or about May 30, 2008 or June 6, 2008, Defendant Vaughn went to Plaintiff's apartment, located at 41-40 Union Street, Flushing, NY at approximately 8 p.m. with four other police officers.

83. Since Plaintiff was not home, Defendant Vaughn left his business card with Plaintiff's doorman.

84. On or about June 19, 2008, Plaintiff went to 109th Precinct for self-surrender.

85. Plaintiff was unaware as to the reason he was being arrested.

86. Plaintiff later learned that Defendant Tan had filed a false complaint stating that on March 22, 2008, Plaintiff had violated her Order of Protection.

87. Defendant Vaughn refused to take down a statement from Plaintiff as to his whereabouts on the date of the alleged violation.

88. Plaintiff has an alibi for his whereabouts on March 22, 2008, which conclusively establishes that he did violate the Order of Protection.

89. On or about July 15, 2009, the case was dismissed due to Speedy Trial Provisions.

90. Each time Plaintiff has been arrested, the Defendant Officers have not informed Plaintiff of his Miranda right to remain silent.

91. Each time that Plaintiff was arrested, the Defendants refused to take a statement from Plaintiff as to his side of the alleged incidences.

92. During each of Plaintiff's arrests, he was not permitted to contact counsel until approximately twelve (12) hours after his arrest.

93. During each of Plaintiff's arrests, he was held for at least 24 hours.

94. Plaintiff has never seen or been informed of a warrant for his arrest.

95. Plaintiff has never seen or been informed of a warrant to search his property.

96. On July 11, 2008, Plaintiff made a complaint against Defendant Zee with the Internal Affairs Bureau (IAB officer Belfon, log number 08-30895).

97. On or about September 18, 2008 at 12:15 P.M., Plaintiff saw Defendant Zee walk out of 41-40 Kissena Blvd.  Plaintiff immediately called IAB and filed a complaint with Officer Sikru. Plaintiff received the following IAB complaint no. 08-42248.

98. On or about September 23, 2008, Judge Grace issued an order that, among other things, enjoined Defendant Tan and her employees and agents from conducting business at the premises located at 41-40 Kissena Blvd. and enjoined Defendant Tan from interfering with EW Studio's business operation.

99.   On or about October 28, 2008, an individual by the name of Steve Wang—to whom Plaintiff had given a power of attorney—went to the premises at 41-40 Kissena Boulevard to execute the court order.

100. The employees refused to leave.

101. The next day, Mr. Wang and a retired police officer named Phil went to the 109th Precinct and spoke with the desk sergeant about the court order.

102. After inspecting the order, the desk sergeant assigned two (2) officers to accompany the men to the premises.

103. When the individuals were in the premises, Annie Tai called Defendant Zee.

104. Defendant Zee then asked to talk to one of the officers on the scene.

105. Officer Yang spoke with Defendant Zee and told him that all of the court papers were verified and correct.

106. On or about November 24, 2008, Defendant Scali, a detective, went to Xiao Yun Li's store in Flushing Mall to coerce Mr. Li to lie under oath that Plaintiff wants to kill Defendant Zee.

107. On or about October 2008, Plaintiff had retired police officer Phil execute the court order to remove defendant Tan from the business premises. At the same time, Defendant Scali arrived at the business premises and brought officer Phil to an interrogation room at 109th Precinct. There, Defendant Scali showed officer Phil pictures of police officers and coerced him to act as a witness against Plaintiff, identify Defendant Zee's photo and falsely accuse Plaintiff of attempting to murder Defendant Zee.

108. On or about December 1, 2008, Defendant Tan called a locksmith to change the lock at 41-40 Kissena Boulevard.

109. On or about December 2, 2008 Defendant Tan, her attorney, Defendant Conforti and Defendant Michetti arrived at 41-40 Kissena Boulevard and demanded the key to the store.

110. On or about December 2, 2008, Defendant Conforti also.

111. On or about December 2, 2008, Defendants Michetti and Conforti forced Plaintiff to relinquish the key to the store.

112. The key was then given to Defendant Tan.

113. On or about December 27, 2008, Defendant Wang went to 41-40 Kissena Boulevard in violation of Judge Gray's order and Defendant Wang's own Order of Protection against Plaintiff.

114. Plaintiff called the police to report Defendant Wang's trespass.

115. Wang then left the premises.

116. Police officers Ali (Badge number 14491) and Fody (Badge number 8352) arrived at the scene.

117. Defendant Wang then returned to the store; however, the police officers did not arrest Defendant Wang despite the court order forbidding her from the premises.

118. On or about Sept 24, 2009 between 3:00 P.M. and 3:15 P.M., Plaintiff observed Defendants Zee and Xin Xu, an old employee of Defendant Tan, conversing outside of the cell phone store, Huang Yu, at 136-10 37 Avenue, Flushing, NY.

119. On or about Sept 18, 2008, Plaintiff filed an IAB complaint, # 08-42248, against Defendant Zee.

120. On or about May 27, 2010, Plaintiff received a letter from the City of New York Police Department Investigations Unit that stated that after an investigation, the Bureau determined that there was sufficient evidence to prove misconduct against Detective Zee.

121. Each and every incident involved police officers or detectives from the NYPD 109th Precinct.

122. Any reasonable police officer or detective could tell that there was no probable cause to search and seize property from Plaintiff.  Defendants acted irrationally by searching and seizing property from Plaintiff without a valid warrant.

123. Defendants acted irrationally by not informing him of his constitutional rights.

124. Defendants acted under the color of state law as law enforcement officials who are supposed to protect the rights of the citizen.

125. Defendants were aware of their unlawful conduct. The police officers and detectives of NYPD 109th Precinct intentionally and deliberately arrested Plaintiff.

126. Defendants used their official power to bring a wrongful lawsuit against Plaintiffs to taint his name, record and creditability.

127. Defendants refused to follow the standard procedure in the arrest of a citizen.

128. Defendants refused to follow search and seizure procedures with plaintiff's belongings.

## STATEMENT OF CLAIMS

### FIRST COUNT
Violation of Fourteenth Amendment: Right to Equal Protection of the Law

129. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 128 as is fully set forth herein.

130. Plaintiff was selectively treated because he was targeted for harassment.

131. The selective treatment was based on malicious or bad faith intent to injure a person.

132. Intended to injure plaintiff's economic interest.

133. Slandered his character by repeatedly arresting Plaintiff without probable cause.

134. Plaintiff was selectively treated based on his gender.

135. This is mainly a dispute between a former couple.

136. They are equal complainants.

137. The Defendant police officers have arbitrarily chosen to support the female complainant.

138. They acted on her behalf, even showing up places when they are apparently on their day off (i.e., in plain clothes) to support Defendant Tan and harass Plaintiff.

139. Plaintiff was selectively treated due to malicious or bad faith intent to injure the Plaintiff.

140. An IAB investigation found misconduct against Defendant Zee.

141. As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

**SECOND COUNT**
<u>Violation of Fourth Amendment protection against unlawful seizure</u>

142. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 141 as is fully set forth herein.

143. Defendants seized the following items from Plaintiff without probable cause:

    a)  Passport,

    b)  Laptop,

    c)  Partnership of AT&T authorized exclusive dealership,

    d)  Business proceeds,

    e)  Wireless number (demo line),

    f)  Keys to the store,

    g)  Plaintiff's T-Mobile franchise,

    h)  Property located at 41-40 Union St., Flushing NY, and

    i)  On or about February 28, 2008, Defendant Zee searched plaintiff's bag at the store.

144. As a consequence of defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

**THIRD COUNT**
Violation of Fourth Amendment protection against false arrest

145. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 144 as is fully set forth herein.

146. Defendant officers and detectives falsely arrested Plaintiff resulting in Docket No. 2007QN037626 because:

a) Defendant filed Complaint against Plaintiff on 6/27/07 inside of 41-40 Union Street, Queens.

b) Plaintiff was arraigned in Queens Criminal Court on 160.10 (robbery in 2nd deg), 160.05 (robbery in 3rd deg), 120.00 (assault in 2nd deg), 140.25 (burglary in 2nd deg), and 120.05 (assault in 2nd deg), which were all dismissed.

c) On July 8, 2007, Plaintiff flew into JFK on his way back from a business trip in China

   1. While he was passing through customs, he was escorted to a private examination/interview room

   2. Plaintiff saw 5 individuals dressed in plain clothes, including Defendants Zee and Sheen

   3. Defendant Zee asked plaintiff if he had any checked baggage, to which plaintiff answered yes.

   4. Plaintiff's baggage was searched by the Defendants.

   5. Plaintiff was arrested.

6. Plaintiff's laptop and passport were seized.

7. Plaintiff was transported to the 109th Precinct.

8. Defendant Tan was granted permission to search through Plaintiff's belongings and took some of his belongings, including the keys to his vehicle, vehicle registration, and his ATM card.

d) Police did not conduct an investigation to determine if any of the complaints made by Defendant Tan were substantiated

e) Defendant Zee did not obtain a warrant before arresting Plaintiff in the airport

147. Defendant officers and detectives falsely arrested plaintiff resulting in Docket No. 2008QN011519 alleging trespass and violation of order of protection because:

a) Complaint made by Defendant Hawkins on Feb. 28, 2008 at 41-40 Kissena Blvd.

b) Defendant Wang made the false complaint that plaintiff was in violation of order of protection.

c) Plaintiff was arraigned on New York Penal Laws 215.50 and 140.05.

d) Defendants did not investigate into the facts.

e) Defendant Tan falsely claimed that: "Defendant is not an employee of the business at the location, and that he does not have permission to authority to enter or remain in the above mentioned location."

f) The Queens County District Attorney Intake Bureau Crime Report Domestic Violence Case Summary of Crime states: "Def was in the complainant's place of business with no leg. reason to be there.  Although order of protection states that the def. can have incidental contact at the C/WS business, the def. does not work at the

C/WS business.  Also, the def was at the C/WS business for over 1 hour and went behind the counter to attempt to steal a contract from the business."

g)  Defendant Tan was not even present at the store when Plaintiff was arrested.

h)  The case was dismissed due to Speedy Trial Provisions.

i)  Defendant Wang was a witness in this case who made false accusations.

148. Defendant officers and detectives falsely arrested plaintiff resulting in Docket No.

2008QN033360 because of:

a)  A complaint made by Defendant Vaughn inside of 41-40 Union Street, Queens on March 22, 2008

b)  Complaint states that Plaintiff twice demanded $200,000 from Defendant Tan or she would die and that Plaintiff brandished a knife at Defendant Tan

c)  Plaintiff was arraigned on New York Penal Law sections 215.51, 215.50, 240.30, 240.30, 120.15, 240.26 (contempt and harassment).

d)  The case was dismissed.

149.   As a consequence of defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

**FOURTH COUNT**
<u>Unlawful Detention and Confinement</u>

150. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 149 as is fully set forth herein.

151. Each time prior to his arrest, Plaintiff attempted to explain to the defendants that arrested him the reason for the arrest was unfounded, but the defendants ignored his assertions and evidence.

152. Plaintiff had to spend at least 24 hours in jail for each of the aforementioned arrests.

153. Plaintiff was humiliated each time he was arrested.

154. As a consequence of defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

## FIFTH COUNT
### Violation of Racketeer Influenced and Corrupt Organizations Act (RICO)

155. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 154 as is fully set forth herein.

156. Defendants took false complaints.

157. Defendants harassed Plaintiff.

158. Defendant members of the police department conspired together and with non-NYPD defendants to harm Plaintiff.

159. Defendant members of the police department received benefits from the non-NYPD defendants in order to harm plaintiff.

160. NYPD defendants repeatedly took false complaints.

161. Defendants conspired to violate Plaintiff's constitutional rights.

162. Defendants conspired to violate falsely arrest Plaintiff.

163. Defendants conspired to seize Plaintiff's business and property from him.

164. Defendants conspired to harass Plaintiff.

165. As a consequence of defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

## SIXTH COUNT
### Filing of false complaints

166. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 165 as is fully set forth herein.

167.    At all relevant times Robert Zee was a member of the NYPD.

168.    As such, he was forbidden to file false complaints and reports against plaintiff.

169.    On February 28, 2008, plaintiff went to his business and an employee called the police; Defendant Zee then showed up in plain clothes.

170.    The false arrest formed the basis for unfounded orders of protection.

171.    As a result of Plaintiff's arrest in Feb. 2008, Defendant Bei Wang and Defendant Da Peng Song had orders of protection issued in their favor against Plaintiff on February 29, 2008.

172.    NYPD Defendants immediately took Defendant Tan's side and refused to listen to Plaintiff's protests that he was manager of the store.

173.    In June 2008, Plaintiff was arrested due to Defendant Tan filing a false complaint stating that Plaintiff had violated an Order of Protection on March 22, 2008.

174.    Plaintiff voluntarily surrendered.

175.    When Plaintiff entered the 109th Precinct, he dealt with Defendant Vaughn who told Plaintiff to sit in the holding cell while waiting to be transferred to central booking.

176.    Neither Defendant Vaughn nor any other officer bothered to take Plaintiff's statement concerning his whereabouts on the date of the alleged violation.

177.    The cases against Plaintiff were all dismissed.

178.    As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

**SEVENTH COUNT**
Violations of the same rights protected under the New York State Constitution

179. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 178 as is fully set forth herein.

180. NYPD Defendants abused their position and power by accepting bribes from Defendant Tan.

181. NYPD Defendants abused their position and power by failing to do their duties.

182. As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

**EIGHTH COUNT**
<u>Tortious interference with a contract</u>

183.   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 182 as is fully set forth herein.

184.   Plaintiff had valid contracts with Open Lifetime Group and a store at 41-40 Kissena Blvd.

185.   NYPD Defendants knew of the contract as evidenced by his relationship with Plaintiff's ex-girlfriend, Defendant Tan.

186.   NYPD Defendants intentionally interfered with the contract by engaging in false arrests of Plaintiff.

187.   On or about February 28, 2008, Plaintiff went to the store.

188.   Non-NYPD Defendants called NYPD Defendants directly to arrest Plaintiff.

189.   NYPD Defendants ignored the evidence presented by Plaintiff to demonstrate that he was not in violation of the law, including: two Department of Consumer Affairs licenses on the wall, which showed the names of Plaintiff's companies: EW Studio Inc. and Nagy Sas Wireless Group Inc.

190.   Plaintiff also showed Defendant Shim and two uniformed police officers the certificates of incorporation and stock certificates.

191.   Defendant Zee intentionally interfered with the contract by accepting the demo phone line.

192.   As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

**NINTH COUNT**
Violation of State's Police Power

193.   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 192 as is fully set forth herein.

194.   NYPD Defendants did not have probable cause to stop, search or arrest Plaintiff any of the times he was arrested.

195.   NYPD Defendants targeted Plaintiff for impermissible reasons.

196.   NYPD Defendants had an unlawful relationship with non-NYPD Defendants.

197.   Defendants wanted to interfere with Plaintiff's successful business.

198.   As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.


**TENTH COUNT**
Conspiracy to Interfere with Civil Rights

199.   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 194 as is fully set forth herein.

200.   Defendants Zee, Hawkins, and Vaughn are state actors in that they are NYPD officers.

201.   Defendant Tan was involved in the conspiracy as a private actor.

202.   Defendants Xin Xu, Wang, and Da Peng Song also were involved as private actors.

203.   NYPD Defendants assisted civilian Defendants in running Plaintiff away from his own business.

204.   Defendant Zee told Defendant Wang to go to the store in violation of the order of protection that Plaintiff had against Defendant Tan because "rules didn't apply to him."

205.   Defendant Wang and Defendant Da Peng Song made false statements to obtain orders of protection against Plaintiff.

206.    Defendants acted together to deprive Plaintiff of equal protection and of fourth amendment protection from unlawful search and seizure.

207.    Defendant Zee engaged in a pattern to destroy Plaintiff's economic interest.

208.    Defendant Hawkins became involved in this, as evidenced by his AT&T account.

209.    NYPD Defendants recruited Defendant Vaughn by having him go to Plaintiff's apartment at 41-40 Union St, unit 14D.

210.    Also involved were Defendants Conforti, Michetti and Natoli, who ratified the other NYPD Defendants' conduct.

211.    As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.


## ELEVENTH COUNT
### Negligent Supervision

212.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 211 as is fully set forth herein.

213.    Defendants Conforti, Michetti and Natoli owed a duty to Plaintiff to supervise the detectives and officers under them in order to prevent a violation of the law.

214.    Defendants Conforti, Michetti and Natoli, who had supervisory authority over defendant officers and detectives, breached their duty by failing to adequately supervise them to prevent the actions described in the aforementioned paragraphs of this Complaint.

215.    As a direct, natural and foreseeable, and proximate result of the actions or inaction of Defendants Conforti, Michetti and Natoli, Plaintiff has suffered injuries, including mental pain and suffering, which injuries are continuing and permanent in nature.

## TWELFTH COUNT
### Violation of 42 USC 1983

216.   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 215 as is fully set forth herein.

217.   As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.

218.   Defendants had a duty to investigate the charges against Plaintiff prior to arrest.

219.   Defendants failed to undertake an investigation.

220.   Defendants failed to consider Plaintiff's evidence.

221.   Defendants arrested Plaintiff without probable cause.

222.   As a consequence of Defendants' wrongful conduct, Plaintiff suffered physical, emotional, mental and financial injuries.


**THIRTEENTH COUNT**
<u>Police Commissioner; Precinct Chief</u>

223. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 222 as is fully set forth herein.

224. Defendants Zee, Hawkins, Shim and Vaughn are detectives who work in the NYPD 109th Precinct, and are in a conspiracy to threaten, assault, and cause Plaintiff to go to jail for no lawful reason.

225. "JOHN DOE" and "JANE DOE," are police officers in the NYPD 109th Precinct, whose true names are not known at this time, whom assisted the false arrest of Plaintiff.

226. Defendant Conforti is a lieutenant who works in the NYPD 109th Precinct, and has assisted or ratified the conduct of the other defendants whom it is his duty to supervise and train.

227. Defendant Michetti, is a segeant who works in the NYPD 109th Precinct, and has assisted or ratified the conduct of the other defendants whom it is his duty to supervise and train.

228. Defendant Natoli is a segeant who works in the NYPD 109th Precinct, and has assisted or ratified the conduct of the other defendants whom it is his duty to supervise and train.

229. Defendant Kelly is the Commissioner of the New York City Police Department, which is an agency of the City of New York.  Defendant Kelly oversees and directs all activities of the New York City Police Department, including the 109th Precinct of the NYPD.

230. Defendant Maguire is the commanding officer who oversees the day-to-day activities of the detectives and police officers under his command in the NYPD 109th Precinct. As the supervisor for 109th Precinct he is responsible in overseeing the daily activities of the precinct.

231. Defendant New York City developed and maintains policies or customs exhibiting deliberate indifference to the constitutional rights of victims of hate crimes in the jurisdiction of the 109th precinct.

232. Defendant New York City maintains an unconstitutional policy, practice, and custom of toleration and approval of their detectives receiving bribes from one party to harass and assault another party.

233. As a result of the above-referenced policies, practices and customs, police officers of New York City, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that the false arrests of Plaintiff would not be investigated or sanctioned, but would be tolerated.

234. As the Police Commissioner for the New York City Police Department, Defendant Kelly may be held accountable for the actions of the detectives and officers of the NYPD.

235. As the commanding officer of the NYPD 109th Precinct, Defendant Maguire may be held accountable for the actions of the detectives and officers under his command at the 109th Precinct.

236. Defendant detectives and officers of the 109th Precinct must ask for permission from their next in the chain of command, in order to employ the numerous officers into the conspiracy against Plaintiff.

237. As a consequence of Defendants' wrongful conduct, Plaintiff suffered economic injuries, pain and suffering, and loss of physical liberty.

### JURY TRIAL DEMANDED

238. Plaintiff hereby demands a trial by jury of all issues.

**WHEREFORE**, Plaintiff prays for relief and judgment, jointly and severally against the Defendants, as follows:

A. Compensatory damages to Plaintiff for the emotional, mental and financial injuries caused by defendants in an amount to be determined at trial;

B. Issue an order of protection against the non-NYPD defendants from coming near or harming Plaintiff;

C. Issue a permanent injunction against NYPD police officers from harboring the non-NYPD defendants and aiding them in harming Plaintiff;

D. Expunging all records related to Plaintiff's arrests;

E. Arrest and prosecution of the non-NYPD defendants for perjury;

F. Award compensatory damages;

G. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

H. Any other relief the Court deems just and proper.

Dated: Queens, New York
     August 3, 2010

By:    __/s/ CHUNYU JEAN WANG__
        Chunyu Jean Wang, Esq.

        Wang Law Office, PLLC
        Attorneys for Plaintiff
        36-25 Main Street, Suite 3A
        Flushing, New York 11354
        Tel: (718) 353-9264
        Fax: (718) 353-2099

V E R I F I C A T I O N

State of New York     )
                      )        :ss.:
County of Queens      )


　　　Gary Liang, being duly sworn, deposes and says that he is the plaintiff in the above

entitled action; that he has read the foregoing amended complaint and knows its contents;

that the same is true of his own knowledge, except for the matters therein stated to be

alleged on information and belief, and as to those matters he believes it to be true.


Dated: Queens, New York
　　　　August 3, 2010




                                                    /S/ GARY LIANG___
                                                    Gary Liang
                                                    Plaintiff
                                                    41-40 Union St.
                                                    Flushing, NY 11355

Sworn to before me this 3rd
day of August 2010


___/S/  CHUNYU JEAN WANG_____          [NOTARY STAMP]
　　　　　　Notary Public